[No. 5391.   Decided January 17, 1905.]

## A. D. CAMPBELL, *Trustee in Bankruptcy of the North Pacific Glass & Bottle Company, Respondent,* v. WILLIAM McPHEE, *Appellant.*[1]

CORPORATIONS—STOCKHOLDERS—STOCK NOT FULLY PAID IN—ASSESSMENT ON STOCK—DEFENSE OF BONA FIDE PURCHASE. In a proceeding in bankruptcy to assess the stockholders of an insolvent corporation upon stock not fully paid up, a stockholder cannot interpose the defense that he was a bona fide purchaser of stock represented to him as fully paid up, where it appears that, after the original stock was duly subscribed by the promoters, part of it was turned into the treasury as treasury stock to be sold as the needs of the company required, and that defendant purchased part of such treasury stock at one-fourth its par value after fully going into the financial affairs of the corporation, and part of it after becoming a trustee of the corporation, since he is not a bona fide purchaser without notice.

Appeal from a judgment of the superior court for King county, Belt, J., entered June 27, 1904, upon the findings and decision of the court in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action upon an assessment on unpaid stock in an insolvent corporation.   Affirmed.

*John E. Humphries* and *Harrison Bostwick,* for appellant, cited: Cook, Stock and Stockholders (3rd ed.), pp. 80-82; *Brant v. Ehlen,* 59 Md. 1; *Rood v. Whorton,* 67

[1]Reported in 79 Pac. 206.

Fed. 434; *Steacy v. Little Rock etc. R. Co.*, 5 Dill 348; *West Nashville etc. Co. v. Nashville Sav. Bank*, 86 Tenn. 252, 6 S. W. 340, 6 Am. St. 835; *Young v. Erie Iron Co.*, 65 Mich. 111, 31 N. W. 814; *Wintringham v. Rosenthal*, 25 Hun 580; *Erskine v. Loewenstein*, 82 Mo. 301; *Johnson v. Lullman*, 15 Mo. App. 55.

*Allen, Allen & Stratton*, for respondent, to the point that defendant was not a bona fide purchaser, cited: *Wishard v. Hansen*, 99 Iowa 307, 68 N. W. 691, 61 Am. St. 238; *Alling v. Wenzel*, 133 Ill. 264, 24 N. E. 551; *Tuthill Spring Co. v. Smith*, 90 Iowa 331, 57 N. W. 853; *Gilkie etc. Co. v. Dawson etc. Co.*, 46 Neb. 333; 64 N. W. 978, 1097; *Tulare Sav. Bank v. Talbot*, 131 Cal. 45, 63 Pac. 172.

PER CURIAM.—Plaintiff brought this action in the court below as trustee in bankruptcy of an insolvent corporation, to recover from the defendant the amount of a levy made by the bankruptcy court on the corporate stock held by the defendant.

The following facts are admitted by stipulation of the parties, namely: that the North Pacific Window Glass & Bottle Company is a corporation; that such corporation has been duly adjudged a bankrupt; that the plaintiff has been regularly appointed trustee; that all the assets of the insolvent corporation have been reduced to cash, and the proceeds applied under the direction of the bankruptcy court; that there is a large deficit, to cover which the bankruptcy court has duly levied an assessment of thirty-five per cent of the par value of the capital stock; and that the defendant is the owner of forty-seven shares of such stock of the par value of $4,700, only twenty-five per cent of which has been paid in, and has refused to pay the assessment.

The sole defense relied upon is, that the defendant is a bona fide purchaser of the stock held by him; that his vendor represented to him at the time of sale that the stock was fully paid up and non-assessable; and that he believed this representation to be true. The facts in relation to the acquisition of this stock by the defendant are as follows: The entire capital stock, consisting of 1,000 shares of the par value of $100,000, was duly subscribed by E. A. McKay, G. W. Carter, and F. A. Rea. Sometime thereafter 332 shares, subscribed by each of the promotors, or 996 shares in all, were turned into the treasury of the corporation as treasury stock, to be sold from time to time as the needs of the company might require. A certificate for thirty-five of these shares was issued to the defendant under date of December 5, 1901, and a second certificate for an additional twelve shares under date of November 13, 1902. The sale of both lots was made through E. A. McKay, president of the company, and the purchase money of $25 per share was, in each instance, paid into the treasury of the corporation. Both sales were made for the express purpose of raising money to enable the corporation to carry out the objects of its creation.

At the time of the first issue of stock, the financial affairs of the corporation, its property, its resources, its assets and liabilities were fully gone into between the president of the corporation and the defendant, and, in the nature of things, the defendant knew, or should have known, that the capital stock of the company had not been paid in. In addition to this, at the time the last twelve shares were issued to the defendant, he was one of the trustees of the corporation, participating in the management of its affairs. Under these circumstances, he is not

a bona fide purchaser without notice, within the rule contended for by his counsel, assuming, without deciding, that such defense is a valid one.

For the foregoing reasons, the judgment of the court below in favor of the plaintiff is affirmed.